

United States District Court

# DISTRICT OF MINNESOTA

**LR 12.1 CRIMINAL DISCOVERY, PRETRIAL MOTIONS, AND NOTICE THAT A CASE CONCERNS A CHILD**

    **(a)**    **Discovery.**

        (1)    Under Fed. R. Crim. P. 16.1, attorneys for the government and the defendant must confer no later than 14 days after the arraignment to try to agree upon a timetable and procedures for pretrial disclosures.

        (2)    To the extent practicable, the government must fulfill its discovery obligations under Fed. R. Crim. P. 16(a) within 7 days after the defendant's arraignment.

        (3)    To the extent practicable, the defendant must fulfill the defendant's discovery obligations under Fed. R. Crim. P. 16(b) within 14 days after the defendant's arraignment.

    **(b)**    **Requirement to Confer Regarding Pretrial Motions.**  Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party.  The parties must attempt in good faith to clarify and narrow the issues in dispute.

    **(c)**    **Pretrial Motions.**

        *(1)*    *Moving Party.*

            (A)    Time Limits.  A motion under Fed. R. Crim. P. 12(b) must be filed within 21 days after the arraignment.

            (B)    Motion Contents.  To the extent practicable, a motion under Fed. R. Crim. P. 12(b) to suppress evidence must identify that evidence and the nature of the challenge.

        *(2)*    *Responding Party Time Limits.*  A response to a motion under Fed. R. Crim. P. 12(b) must be filed within 35 days after the arraignment.

        *(3)*    *Notice of Intent to Call Witnesses.*

            (A)    Notice.  When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment.  The notice must identify the number of witnesses whom the party intends to call, the motion or

motions that each witness will be addressing, and the estimated duration of each witness's testimony.

(B) Responsive Notice. If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive notice must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony.

(C) Defendant Testimony. A defendant is not required to declare in advance whether the defendant will testify at the hearing.

**(d)  Motion Hearing.**  The motion hearing will be scheduled no earlier than 42 days after the arraignment.

**(e)  Notice That a Case Concerns a Child.**  As soon as possible after a party becomes aware that a criminal case concerns a child victim or a child witness, that party must file a notice that the case concerns a child, unless such a notice has already been filed.  If the court becomes aware that a criminal case concerns a child victim or a child witness, the court may, on its own, file a notice that the case concerns a child.

**(f)  Modification of Schedule.**  The court may modify the requirements of this rule for good cause.

[Adopted effective October 13, 2014; amended December 1, 2019; amended December 1, 2022]

**2022 Advisory Committee's Note**

Local Rules 5.5, 12.1, and 80.1 have been amended to assist the court and the parties in complying with 18 U.S.C. § 3509(d), which limits disclosure of "the name or any other information concerning a child" in a criminal case.  The meaning of the statutory phrase "information concerning a child" and related phrases (such as "concerns a child") should be ascertained from case law and from 18 U.S.C. § 3509(a).

In Local Rule 12.1, subsection (e) has been added to provide for notice that a criminal case concerns a child.  The form of the required notice will be set forth in the Criminal ECF Procedures Guide.

**2019 Advisory Committee's Note to LR 12.1**

This Rule was amended to bring it into compliance with Fed. R. Crim. P. 16.1. Section (a)(1) was added to require that the parties confer regarding discovery disclosures no later than 14 days after the arraignment.  Please note that the arraignment order typically sets forth disclosure deadlines.  If the parties agree to different disclosure deadlines after they confer under Fed. R. Crim. P. 16.1(a), the parties must file a motion with the court to modify the arraignment order under Fed. R. Crim. P. 16.1(b).

The title of section (b) was amended to differentiate the Fed. R. Crim. P. 16.1 confer requirement regarding discovery disclosures from the existing confer requirement regarding the filing of pretrial motions under LR 12.1.

**2014 Advisory Committee's Note to LR 12.1**

This rule is intended to promote early and comprehensive disclosures in criminal cases and an ongoing exchange of information between the parties, particularly as to discovery and suppression issues to be addressed at a hearing. Identification of the evidence that may be introduced at trial and the nature of any challenges to that evidence will facilitate efficient resolution of suppression and other motions.

The requirement that the parties confer is not intended to alter the discovery obligations imposed by the Federal Rules of Criminal Procedure and by case law. The conferral requirement is also not intended to require disclosure of information protected by the attorney-client privilege, work-product doctrine, or any other privilege.

This rule is further intended to provide magistrate judges with advance notice of the anticipated duration and complexity of a motion hearing. As a general rule, a hearing on one or more motions filed under Fed. R. Crim. P. 12(b) will be limited to the factual and legal issues addressed in the motion papers and to any unanticipated issues that arise at such hearings.

The following table illustrates the timeline described in LR 12.1:

| Day | Event | LR Subsection |
|---|---|---|
| Day X | Arraignment | |
| Day X + 7 | Discovery of government | (a)(1) |
| Day X + 14 | Reciprocal discovery of defendant | (a)(2) |
| Day X + 21 | Motion deadline | (c)(1)(A) |
| Day X + 35 | Motion response deadline and notice deadline | (c)(2), (c)(3)(A) |
| Day X + 38 | Responsive notice deadline | (c)(3)(B) |
| Day X + 42 | Motion hearing | (d) |

The schedule prescribed in this rule may be modified for good cause. For example, modifications may be warranted in cases that involve complex issues or voluminous discovery. Likewise, modifications may be warranted to expedite cases involving little motion practice.

The committee recognizes that a defendant may file a motion – for example, a motion to compel disclosure under *Brady v. Maryland*, 373 U.S. 83 (1963) – in order to preserve the defendant's rights, even if there does not appear to be a dispute between the parties. This rule is not intended to interfere with that practice.