UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-115 (KMM/DTS)

UNITED STATES OF AMERICA,

          Plaintiff,

v.

ISAAC SANT, ET AL.,

          Defendants.

**GOVERNMENT'S MOTION
FOR A PROTECTIVE ORDER**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Special Assistant United States Attorney Sommer Honeycutt, hereby moves the Court for an order protecting the distribution of personally identifying information ("PII") of the witnesses in this criminal case pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3509(d)(3).

The Defendants are charged by an indictment filed on June 11, 2026, with Conspiracy to Impede or Injure a Federal Officer and/or related charges. The indictment involves two hundred and sixty-nine overt acts related to the conspiracy, as well as interstate stalking, interstate threats, assault on a federal officer, and destruction of Government property. Discovery is voluminous and complex, totaling over 20 TB (terabytes) of information as of the date of this filing, with more expected imminently. It includes over 47,000

pages of written reports and photographs, as well as approximately 2.5 TB of surveillance and body camera videos, 16 TB of messages exchanged by the defendants via the Signal application, and other content obtained through search warrants.

The United States intends to disclose discovery materials in its possession *via* electronic transmission to the Defendants' counsel and will make additional discovery available as necessary. However, these materials contain large quantities of Personal Identifying Information (PII) (including names, telephone numbers, email addresses, home addresses, Social Security numbers, and dates of birth), and other sensitive personal information of witnesses. Redaction of the discovery materials would be impractical, unduly burdensome, and would delay discovery. Moreover, redaction of many items would impede the preparation of the defense because redaction of some items would render them unusable.

The government is cognizant of both its duty to expediently disclose discovery materials to the Defendants as well as its duty to protect the personally identifiable information of witnesses, and therefore respectfully requests that this Court enter a Protective Order limiting the dissemination of "Protected Material," that is, any material disclosed by the United States in connection with the above-captioned case containing:

a.    the identities victims or witnesses, and the identity of any new

victims or witnesses who may be identified;

b.      the PII of any victim or witness in this case, including, but not limited to, telephone numbers, residential addresses, email addresses, social media accounts, Social Security numbers, and dates of birth; and

c.      medical information of any victim or witness in this case, whether currently in the possession of the United States, or medical records or medical data relating to the victim and witnesses that may be obtained by the United States as a part of the discovery process during the course of this litigation.

It is further requested that the Protective Order state:

a.      Protected Material shall be held in strict confidentiality by the Defendants and defense counsel and may be used only for purposes of this litigation;

b.      Defense counsel shall limit the making of copies of the Protected Material to those necessary to their activities as counsel to the Defendants in this action (co-counsel, paralegals, investigators, experts, litigation support personnel, and secretarial staff), but that under no circumstances will copies be provided directly to the Defendants and left with them;

c.    All individuals having access to these materials shall be informed of the terms of the Protective Order prior to disclosure and shall certify, by signing a copy of the Protective Order, that they have read the terms of the Protective Order and understand that they are bound by these terms;

d.    Defense counsel may advise the Defendants of the contents of the Protected Material and review the Protected Material with the Defendants without providing unredacted copies or allowing the copying or retention of any Protected Material, subject to the condition that the Defendant has read the Protective Order and understands and agrees to be bound by its terms;

e.    If defense counsel brings the Protected Material to any detention facility or wherever a Defendant may be during the pendency of these proceedings, the Protected Material must remain in the defense counsel's possession and control at all times and may not be left with any Defendant, but must be removed by defense counsel upon leaving the facility or residence;

f.    Any documents or other materials containing the Protected Material, and all copies of them, must be destroyed or returned to the government within thirty (30) days of the conclusion of this litigation with the exception of one copy of discovery which may be

4

retained by counsel in their file and which will remain subject to the Protective Order; and

g.      Use of the Protected Material covered by the Protective Order for any purpose other than the instant litigation shall be deemed a violation of the Protective Order punishable by sanctions, including contempt of court.

Dated:  6/30/2026                    Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

_/s/ Sommer Honeycutt_
BY:   SOMMER HONEYCUTT
Special Assistant U.S. Attorney
600 U.S. Courthouse
300 S. 4th Street
Minneapolis, MN 55415
Attorney reg: 398667
Sommer.Honeycutt@usdoj.gov
(612) 664-5600