UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-CR-CR-115 (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MOTION TO STRIKE** |
| v. | ) | **GOVERNMENT'S MOTION** |
| | ) | **FOR PROTECTIVE ORDER** |
| TREASURE THORESON (9) , | ) | **AND PROPOSED ORDER** |
| | ) | |
| Defendant. | ) | |

Treasure Thoreson, by counsel Bruce D. Nestor of De León & Nestor, LLC, states as follows for her Motion to Strike Government's Motion for Protective Order:

1. On June 22, 2026, Magistrate Judge David T. Schultz issued an Order and Notice of Arraignment (ECF #117). Attached to the Order was an addendum setting forth applicable local rules, including LR 12.1(b), requiring a party filing a motion to "meet and confer" with opposing counsel to "attempt in good faith to clarify and narrow the issues in dispute."

2. On June 30, 2026, the Government filed the Government's Motion for a Protective Order. (ECF#143). Prior to filing, the Government did not meet and confer with undersigned counsel or provide any notice of the Government's intent to file the motion. On information and belief,

1

Government counsel did not meet and confer with any counsel for the other fourteen defendants named in this Indictment.

3. The Motion for Protective Order seeks relief which would significantly impair the ability of Ms. Thoreson to prepare a defense and the ability of counsel to provide effective representation to Ms. Thoreson. The relief sought by the Government extends beyond that which is typical in cases in this District, which is unnecessary, and which unduly restricts the rights of Defendant under Rule 16:

   a. The proposed Order appears to excuse the Government from designating material subject to the Protective Order and defines such material as including "any material disclosed by the United States in connection with the above-captioned case" which contains the identity of any witness or alleged victim. (Motion for Protective Order, p.2). The identity of "any witness or alleged victim" would presumably include the name of that individual, including all law enforcement witnesses or alleged victims.

   b. The Order seeks to bar counsel from providing copies of any "Protected Material" to their client, which would require counsel to review up to 47,000 documents, 20 TB of other information, and 16 TB of Signal Chats, while in the continuous physical presence of Ms. Thoreson, or to review all such materials, and make an independent determination as to whether a particular item constitutes

2

"Protected Material" prior to providing a copy of to Ms. Thoreson. Such a requirement is unworkable and unduly burdensome.

c.  The Government's Motion for Protective Order would apply to any report including the name of a law enforcement officer. Many such reports do not typically contain Personal Identifying Information (PII) such as home addresses, dates of birth, Social Security numbers, home phone numbers, etc…. The requirement that names of law enforcement officers who write official reports in connection with this case are subject to a Protective Order, or may be redacted by the Government, is not the typical practice in cases in this District. Generally, such restrictions on the names/identities of individuals would be limited to minors and victims of sexual violence.

4.  The Government is well aware that due to the nature and scope of the relief sought by the Motion for Protective Order, that it would be subject to objection by various Defendants. As such, the failure of the Government to meet and confer is particularly egregious.

5.  The Government should not be allowed to delay disclosing evidence currently in its possession due to the absence of a protective order or the Government's failure to meet and confer in an effort to fashion a protective order acceptable to all parties. Co-defendant Kyle Wagner was arrested on related charges on February 5, 2026. From the information in the

3

Indictment, it appears that the Government had undercover agents and/or cooperating individuals attend meetings at which defendants in this matter were present and who participated in Signal communications involving the defendants. The last alleged act of actual "impeding" would have been a street blockade on non-federal property on March 1, 2026. The balance of the allegations after that date consist of public observation of law enforcement officials engaged in by thousands of Minnesotans over the past seven months, speaking tours, and statements of political opinion. The Government has had months prior to issuance of the Indictment in this matter to investigate the allegations and prepare discovery disclosures. The Government has substantial resources to redact actual PII for witnesses and alleged victims and to prepare to make initial discovery disclosures without the need for additional delay.

6. Counsel files this Motion to Strike to set forth his position on this matter as he will not be able to attend the status conference scheduled for July 1, 2026, and will have counsel appearing on his behalf with Ms. Thoreson.

WHEREFORE, Treasure Thoreson requests that the Motion for Protective Order be struck from the record due to the Government's failure to meet and confer and that the Government be directed, prior to filing a new Motion for Protective Order, to meet and confer with counsel in this matter.

Date: <u>June 30, 2026</u>            <u>      S/BRUCE D. NESTOR      </u>
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN  55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

ATTORNEY FOR TREASURE THORENSON

5