IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA
Criminal No: 26-cr-115 (KMM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>(1) ISAAC AUMAN SANT;<br>(2) EMMETT JAMES DOYLE;<br>(3) CAMERON KENNEDY;<br>(4) CALLUM ROBINET;<br>(5) ERIK DAVIS;<br>(6) BRIAN STILLWELL APLAND;<br>(8) HANNAH MARGARET VAN DE WATER DAVIS;<br>(9) TREASURE CAY THORESON;<br>(10) NATHAN JUNHO KIM;<br>(11) ALEC STEWART;<br>(12) DOUGLAS MISTEREK;<br>(13) DUSTIN SCOTT BEISELL;<br>(14) WILLIAM MORGAN; AND<br>(15) NATASHA RAKOTZ.<br><br>       Defendant. | **DEFENDANTS' JOINT RESPONSE TO UNITED STATES' MOTION TO DESIGNATE CASE AS COMPLEX UNDER THE SPEEDY TRIAL ACT** |

On June 16, 2026 – the same day the Indictment in this case was unsealed – the United States made a motion to designate this case as complex under the Speedy Trial Act. (ECF No. 22.)  The motion asserts that "[d]iscovery is voluminous and complex, totaling over 20 TB (terabytes) of information as of the date of this filing" and that "[t]he United States will need additional time to provide full and intelligent access to certain of these materials to the Defendants." (*Id.* at 3-4.) The motion also

requests "a continuance of *each deadline* by at least 90 days" and cites as authority the Speedy Trial Act at 18 U.S.C. § 3161(h)(7)(B)(ii). (*Id.* at 4 (emphasis added).)

The above-referenced defendants oppose this motion to the extent that the United States is seeking a continuance of the Rule 16 discovery deadlines established by Local Rule 12.1(a)(2) and this Court's forthcoming arraignment order. The undersigned counsel for Defendant Kim has conferred with counsel for each of the defendants named in the caption of this response who have indicated that the above-named defendants join in this response.

The United States did not wait until all defendants had counsel before filing the motion for complex case designation and therefore did not meet the Local Rule 12.1(b) meet and confer requirement. The undersigned attorney for Defendant Kim met and conferred telephonically with the prosecutor regarding this motion on Friday June 26, 2026. During that call, the undersigned counsel asked why the government could not make all Rule 16 disclosures that are currently within its control available to the defense within the deadlines established by Local Rule 12.1 and the Court's standard arraignment order. The prosecution did not provide any additional basis during this phone call that would justify the United States' request for a continuance of its Rule 16 obligations.

As the Court is well aware, the section of the Speedy Trial Act cited in the United States' motion allows the court to extend Speedy Trial Act deadlines – not

2

the United States' Rule 16 discovery obligations – where "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section." 18 U.S.C. § 3161(h)(7)(B)(ii). Notably, the Speedy Trial Act does not make any mention of an extension based on the volume of discovery. Indeed, it does not speak to the government's burden in complying with Rule 16 or other discovery obligations at all. The Speedy Trial Act pertains to the deadline for trial, and the exclusion of time from the seventy-day trial timeline to allow for pretrial motions and other proceedings. It does not purport to extend or amend the United States' discovery obligations.

The defense likely will need significant time to review and make use of the United States' disclosures given the government's representations that the discovery is extremely voluminous. But obviously, neither party nor the Court can prejudge how much time will be needed to review the discovery until the United States makes its disclosures.

The District of Minnesota routinely sets discovery deadlines by standing order (i.e., the Local Rules) and through an arraignment order. These orders require prosecutors to disclose the discovery that is already within their control soon after the Defendant's arraignment, without a Defendant having to make a separate

3

"request" for the discovery, as is literally required by Rule 16. *See* L.R. 12.1 (a); Fed. R. Crim. P. 16(a). The government's Rule 16 obligations are clear and well-settled: the United States must disclose all materials covered by Rule 16 that are either "within the government's possession, custody, or control" or which "the attorney for the government knows—or through due diligence could know—that the item exists." *See* Rule 16(a)(1)(B)(i), (a)(1)(D), (a)(1)(E), (a)(1)(F); *see also United States v. Hyles,* 479 F.3d 958, 967 (8th Cir. 2007); *Kyles v. Whitley*, 514 U.S. 419, 437 (1995) ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police."); *Id.* ("procedures and regulations can be established to carry [the prosecutor's] burden and to insure communication of all relevant information on each case to every lawyer who deals with it." (quoting *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

While the defense intends to work collaboratively with the prosecution on the logistics of discovery, particularly given the apparent volume of the discovery at issue, the United States has not provided *any* justification to delay its Rule 16 obligations for materials that are already within its control (or which it should already know of through due diligence). The United States has not cited any legal authority that allows it to avoid its discovery obligations for 90 days – to the extent that is what is being requested in the motion.

4

The Court should order the United States to disclose and/or produce copies of materials already within the prosecution team's possession, custody, or control within the standard deadlines established by this Court. To the extent the United States is seeking a continuance of its obligations, it should be required to provide a *specific, non-generalized* basis why any particular discovery materials that it has already identified (or should have identified) cannot timely be disclosed.

Respectfully submitted on behalf of the above-captioned Defendants,

Dated: June 30, 2026                **DORSEY & WHITNEY LLP**

s/ Surya Saxena

Surya Saxena, Reg. No. 0339465
Michael Rowe Reg. No. 0392598
Ian Blodger Reg. No. 0398254
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

*Attorneys for Defendant Kim*