UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 26-cr-115(2) (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S MOTION FOR** |
| vs. | ) | **AMENDMENT OF CONDITION** |
| | ) | **OF RELEASE** |
| EMMETT DOYLE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Emmett Doyle, through undersigned counsel, pursuant to 18 U.S.C. § 3145(a), hereby moves the Court for an Order amending his conditions of release to remove the restriction that he not have direct or indirect contact with any co-defendants listed in the Indictment. (Order Setting Conditions of Release, Doc. 37, Page 2, 7(g)). Mr. Doyle asserts his right to a *de novo* review of this condition. *United States v. Maull*, 773 F.2d 1479, 1481-822, 1484 (8th Cir. 1985). The Bail Reform Act provides that the Court must impose the "least restrictive" conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B). The condition prohibiting contact with co-defendants is not a necessary condition to assure Mr. Doyle's appearance as required for the safety of any other person or the community. Further, the condition places an undue burden on Mr. Doyle and violates his constitutional rights.

There was no suggestion that the challenged condition was necessary to prevent any risk of flight. The Magistrate Judge stated at the hearing addressing the detention of Mr. Doyle and four other co-defendants, "I do not find that any of these defendants pose such a risk [of flight]."  (6/16/26 Tr., Doc. 131 at 43:24-44:1). The restriction is likewise unnecessary to protect the community because Mr. Doyle poses no risk to the community. He has no prior criminal history and therefore no history of any failure to appear in Court and no indication that he poses any danger of committing any illegal activity. He has very strong ties to the community with an established residence in Minnesota. Mr. Doyle is employed in Minnesota and works as a carpenter and a folk musician. Mr. Doyle has every incentive to remain law-abiding and conduct himself in accordance with the law to preserve his reputation and career.

The Magistrate Judge did not specifically address why he believed that no contact with co-defendants was a necessary condition. The government appeared to argue that this condition was based on the charge of conspiracy to impede a federal officer.[1] However, there was no showing as to how Mr. Doyle, with no prior criminal record, or his co-defendants, with minimal, if any, criminal records, would be likely to engage in any criminal conspiracies or other illegal activity while having to defend themselves against federal felony charges. In denying the government's request for a detention

---

[1] The full charge is conspiracy to impede or injure a federal officer, but there is no allegation in the 94 page Indictment that any defendant made any agreement or plan to injure a federal officer.

hearing, the Magistrate Judge explained that, based on the most serious allegation in the Indictment involving the crashing of a vehicle, "I'm invited to then expand that to say that because that happened, there will also be threats against witnesses and jurors. And that is a step I will not take." (Doc. 131 at 44:513). There is no basis for concluding that Mr. Doyle and his co-defendants pose any risk to the community by communicating with one another.

Mr. Doyle does not challenge the restriction prohibiting contact with alleged victims and witnesses in this case (provided that the government provides the required No Contact List). However, Mr. Doyle challenges the prohibition on communication with co-defendants due to the significant hardship it imposes. Several of the co-defendants are among his closest friends. They socialize regularly and rely on one another for emotional support, advice, and community. Among Mr. Doyle's co-defendants are the best man at his wedding, friends he considers brothers, and people he depends on for support as he navigates his divorce. Therefore, the prohibition of contact with co-defendants imposes a hurtful, unfair, and unnecessary burden.

Additionally, this prohibition on contact with co-defendants interferes with Mr. Doyle's constitutionally protected right to "freedom of association," based on the understanding that "choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme." *Roberts v. United States Jaycees*, 468 U.S. 609, 617-618 (1984).

The prohibition on contact with co-defendants also unduly impairs Mr. Doyle's ability, and that of his co-defendants, to adequately prepare their legal defenses. Mr. Doyle intends to actively participate in the preparation of his defense, and communication among co-defendants is necessary to facilitate that participation. Restricting such contact unnecessarily interferes with the co-defendants' ability to assist counsel, coordinate their defenses where appropriate, and meaningfully exercise their Sixth Amendment rights to participate in their defense and receive the effective assistance of counsel.

Contact among the co-defendants is necessary to adequately prepare a defense in a case the government itself has characterized as extraordinarily complex, warranting a continuance of at least 90 days for all deadlines. (Doc. 22). The government has stated:

Discovery is voluminous and complex, totaling over 20 TB (terabytes) of information as of the date of this filing, with more expected imminently. It includes over 44,000 pages of written reports and photographs, as well as approximately 2.5 TB of surveillance and body camera videos, 15 TB of messages exchanged by the defendants via the Signal application, and other content obtained through search warrants. (Doc. 22 at 4).

Mr. Doyle and his counsel will not be able to fully analyze the voluminous discovery on their own and will necessarily need to communicate with co-defendants and their counsel to efficiently review, organize, and understand the evidence. It will be necessary for Mr. Doyle to communicate with his co-defendants to ensure that each is aware of all pertinent information and to facilitate the sharing of knowledge regarding evidence that may contradict or place the allegations in the Indictment and the voluminous discovery in a different context. It will also be necessary for Mr. Doyle and his co-defendants to meet with their attorneys to plan and prepare their defenses. Counsel

in this case have agreed to a joint defense arrangement, which will necessarily entail meetings involving counsel and their clients together.[2] Further, since the attorneys will not have sufficient time to meet with each other and the Defendants to review the extremely voluminous discovery, it will also be necessary for the Defendants to meet with each other independently to discuss the evidence.

## CONCLUSION

The condition of release prohibiting Mr. Doyle and his co-defendants from having any contact with each other is unnecessary, personally burdensome, and seriously impedes the ability to prepare a defense. Mr. Doyle respectfully requests that this condition be stricken.

---

[2] Counsel for codefendant attempted to raise these issues with the Magistrate Judge at the initial hearing:

[KUSHNER] The question here -- the question here, though, about the no contact with codefendants except through attorneys, it's anticipated that we might have meetings involving both the attorneys and the codefendants. Would that be permissible?
THE COURT: Well, you've got to defend the case as you see fit, but what I do not want -- what I am not allowing is for defendants to be speaking with each other. If they're in a meeting and the lawyers are talking and they're talking through the lawyers, that's fine.

(Doc. 131 at 47:1-10). There is a lack of clarity about what is meant by clients having to "talk through lawyers." The written order setting conditions of release also does not document this exception. In the event that the Court does not entirely remove the prohibition on contact with Co-Defendants, Mr. Doyle respectfully requests that the district court at least issue an order making clear that joint meetings with Defendants and their attorneys are permitted.

Dated:  June 30, 2026                        KIEFFER LAW LLC


By s/Shauna Kieffer
Shauna Kieffer, Esq. (389362)
The Flour Exchange Building
301 4th Ave. South Suite 1050
Minneapolis, Minnesota  55415
(612) 418-3398
shauna@kieffercriminaldefense.com

6