**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

      Plaintiff,

v.

Isaac Auman Sant (1),
Emmett James Doyle (2),
Cameron Kennedy (3),
Callum Robinet (4),
Erik Davis (5),
Brian Stillwell Apland (6),
Hannah Margaret Van De Water Davis (8),
Treasure Cay Thoreson (9),
Nathan Junho Kim (10),
Alec Stewart (11),
Douglas Misterek (12),
Dustin Scott Beisell (13),
William Morgan (14),
Natasha Rakotz (15),

      Defendants.

Case No. 26-cr-115 (KMM/DTS)

**ARRAIGNMENT, MOTIONS AND CASE MANAGEMENT ORDER**

---

An arraignment hearing as to Defendant Isaac Auman Sant (1) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Timothy Phillips, standing in for Kevin Riach, CJA Appointed Counsel, appeared on behalf of Sant, who was present.

Sant identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Emmett James Doyle (2) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the

Government; Thomas Harmon, standing in for Shauna Kieffer, Retained Counsel, appeared on behalf of Doyle, who was present.

Doyle identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Cameron Kennedy (3) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Jill Brisbois, CJA Appointed Counsel, appeared on behalf of Kennedy, who was present.

Kennedy identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Callum Robinet (4) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; John Fee, CJA Appointed Counsel, appeared on behalf of Robinet, who was present.

Robinet identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Erik Davis (5) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Jordan Kushner, Retained Counsel, appeared on behalf of Davis, who was present.

Davis identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Brian Stillwell Apland (6) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Brett Kelley, CJA Appointed Counsel, appeared on behalf of Apland, who was present.

Apland identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Hannah Margaret Van De Water Davis (8) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Manda Sertich, CJA Appointed Counsel, appeared on behalf of Van De Water, who was present.

Van De Water identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Treasure Cay Thoreson (9) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Bruce D Nestor, Retained Counsel, appeared on behalf of Thoreson, who was present.

Thoreson identified herself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Nathan Junho Kim (10) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the

Government; Michael Rowe and Surya Saxena, CJA Appointed Counsel, appeared on behalf of Kim, who was present.

Kim identified herself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Alec Stewart (11) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Robert Lengeling, CJA Appointed Counsel, appeared on behalf of Stewart, who was present.

Stewart identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Douglas Misterek (12) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Wyatt Arneson, CJA Appointed Counsel, appeared on behalf of Misterek, who was present.

Misterek identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Dustin Scott Beisell (13) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Lee R Johnson, CJA Appointed Counsel, appeared on behalf of Beisell, who was present.

Beisell identified himself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant William Morgan (14) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Robert Richman, CJA Appointed Counsel, appeared on behalf of Morgan, who was present.

Morgan identified herself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty.

An arraignment hearing as to Defendant Natasha Rakotz (15) was held before the undersigned United States Magistrate Judge on July 1, 2026. Kristian Weir and Sommer Honeycutt, Assistant United States Attorneys, appeared on behalf of the Government; Kira Kelley, Retained Counsel, appeared on behalf of Rakotz, who was present.

Rakotz identified herself by name and birth date, waived a reading of the Indictment, and entered a plea of not guilty. Pursuant to Local Rule 12.1 (copy attached);

**IT IS HEREBY ORDERED:**

1. The Government must make all disclosures required by Fed. R. Crim. P. 16(a) by **July 31, 2026**. D. Minn. LR 12.1(a)(1). In order to avoid the need for a recess of the motions hearing, if applicable the Government is ordered to make by **July 31, 2026**, all disclosures that will be required by Fed. R. Crim. P. 26.2 and 12(h).

2. On or before **July 10, 2026**, the Government and Defendants must meet and confer regarding discovery protocols and disclosure deadlines. On or before **July 17, 2026**, the Government and Defendants must either (1) file a joint proposed case

management order addressing these issues; or (2) file competing proposed case management orders addressing these issues.

3.      On or before **July 10, 2026**, the Government and Defendants must meet and confer regarding a protective order. On or before **July 17, 2026**, the Government and Defendants must either (1) file a joint proposed protective order; or (2) file competing proposed protective orders.

4.      As required by rule 5(f) of the Rules of Criminal Procedure, the United States is ordered to disclose all exculpatory evidence to the defendants as required by *Brady v. Maryland* and its progeny. Failure to do so in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court.

5.      Defendants must make all disclosures required by Fed. R. Crim. P. 16(b) by **August 7, 2026**. D. Minn. LR 12.1(a)(2).

6.      A status conference is set for **August 7, 2026** at **10:00 a.m.** in **Courtroom 12W**. Defendant shall be in attendance and the parties should be prepared to discuss the contents of this order and any and all discovery and motion practice. The Court anticipates this conference will last no more than one hour. **If the parties agree that the status conference is unnecessary, the Court will consider canceling the status conference. The parties must notify the Court two business days before the status conference of any request to cancel the conference.**

**CASE MANAGEMENT AND MOTIONS**

In the interests of judicial economy and speedy trial considerations the Court addresses certain matters without the need to have the parties file motions on these

subjects. The defendants or the government may object to these requirements by filing a Motion to Modify this Order.

**Non-Dispositive Motions**

    A.    Discovery

The government shall provide discovery to the defendants and allow inspection as required by Federal Rule of Criminal Procedure 16(a). As provided above, the government must complete such disclosures **on or before July 31, 2026**.

The Federal Rules of Criminal Procedure also place certain discovery burdens on criminal defendants. The defendants shall provide discovery as required by Federal Rule of Criminal Procedure 16 **on or before August 7, 2026**. In addition, Defendants shall provide notice of the Rule 12.1, 12.2 and 12.3 defenses on which they intend to rely **on or before August 14, 2026**.

    B.    Expert Witnesses

Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(G) and 16(b)(1)(C), the Court adopts the following schedule for expert witness disclosures. Because it bears the primary burden of proof, the government shall disclose the written summaries of evidence it intends to offer under Federal Rule of Evidence 702, *et. seq.*, **no later than 28 days ahead of any trial in this matter.** The defendants shall make their expert disclosures **no later than 14 days ahead of any trial in this matter.**

    C.    Exculpatory Evidence

Pursuant to the Due Process Protections Act, the Court confirms the government's obligation to disclose to the defendants all exculpatory evidence—that is, evidence that favors the defendants or casts doubt on the government's case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and all its progeny.

Within 10 days of the date of this Order the United States shall disclose all *Brady* and *Giglio* information in its possession or of which it has become aware as of the date of this order and must promptly supplement its disclosure upon receipt of any additional *Brady* and *Giglio* information not previously disclosed.

D.     Notice Required Under Federal Rule of Evidence 404(b)

Under Federal rule of Evidence 404(b), "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character," Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose . . . ." Fed. R. Evid. 404(b)(2). The government is required to provide reasonable pretrial notice of such evidence. Fed. R. Evid. 404(b)(2). Accordingly, the government shall disclose any Rule 404(b) evidence that it will seek to introduce **no later than 28 days ahead of any trial in this matter.** If the government believes that evidence at issue might be "intrinsic" to the charged offenses, but recognizes that it may present a close call as to whether it is covered by Rule 404(b), the government should include such information in the notice required by this Order so that its admissibility can be addressed ahead of trial, if needed.

E.     Jencks Act

The Jencks Act provides for full disclosure of a witness's previous statements following their testimony on direct examination, although it specifies that such documents need not be turned over at an earlier time. 18 U.S.C. §§ 3500(a) and (b). While the Court cannot issue an Order requiring the "early" disclosure of Jencks Act material, *United States v. Sturdivant*, 513 F.3d 795, 803 (8th Cir. 2008), **the parties are ordered to meet and confer on this matter within 10 days of this Order and agree on a date for**

**disclosure of such material**. If the parties are unable to agree on a date for disclosure they shall so inform the Court.

F.    Rough Notes

The government is required to instruct any law enforcement agents and any confidential informants to retain and preserve all rough notes taken as part of their investigation. Disclosure of rough notes, however, is not required by this Order.

G.    I.D. Witnesses/Informants

Consistent with *Roviaro v. United States*, 353 U.S. 53 (1957), *United States v. Padilla*, 689 F.2d 372 (8th Cir. 1989) and their progeny, the government shall disclose the identity of any informant who was a material witness to the charged conduct and make any such informant available **no later than 10 days ahead of any trial in this matter**.

H.    Grand Jury Transcripts

Any Grand Jury transcript that are Jencks Act material as to any particular prosecution trial witness will be furnished per the requirements under paragraph 5. of this Order.

I.    Trial Matters

The parties should address trial matters such as voir dire and the sequestration of witnesses with the District Judge.

**Dispositive Motions**

J.    Motions to Suppress Statements

If defendants file a Motion to Suppress Statement, the accompanying memorandum must detail the specific facts and circumstances supporting suppression. Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based . . . ."); *United States v. Quiroz*, 57 F. Supp. 2d 805, 822–23 (D. Minn. 1999), *aff'd sub nom.*

*United States v. Vasquez*, 213 F.3d 425 (8th Cir. 2000) (denying "boilerplate" motion to suppress for failure to state "specific legal and factual grounds," among other things). Conclusory statements made upon "evidence to be adduced at the Motions Hearing" are not sufficient to provide the Court and opposing counsel notice of the issues.

      K.     Motions to Suppress Evidence

      (a) Warrant

Reviewing courts must afford "great deference" to the probable cause determination of the judge who issued the warrant and should resolve even "doubtful or marginal cases" in favor of a warrant's validity. *United States v. Butler*, 594 F.3d 955, 962 (8th Cir. 2010) (citation omitted); *see United States v. Ventresca*, 380 U.S. 102, 109 (1965). So long as the issuing judge had a "substantial basis" for concluding the "search would uncover evidence of wrongdoing," this Court must uphold the probable cause determination. *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

Any motion to suppress evidence obtained pursuant to a warrant must identify with specificity the reason(s) the warrant should not have issued and identify the legal authority on which the suppression is sought.

      (b) Warrantless

Any motion to suppress must specifically identify the item(s) of evidence whose suppression is sought, describe the facts that support the claim that such evidence was unlawfully obtained, and identify the legal authority on which the suppression is sought.

      7.     All motions in the above-entitled case must be filed and served consistent with Fed. R. Crim. P. 12(b) and 47 on or before **August 14, 2026**.[1] D. Minn. LR 12.1(c)(1).

---

[1] "Before filing a motion under Fed. R. Crim. P. 12(b), the moving party must confer with the responding party. The parties must attempt in good faith to clarify and narrow the issues in dispute." D. Minn. LR 12.1(b).

Counsel is ordered to read and follow the above **CASE MANAGEMENT AND MOTIONS** section.

8.    Counsel must electronically file a letter on or before **August 14, 2026**, if no motions will be filed and there is no need for a motions hearing.

9.    All responses to motions must be filed by **August 28, 2026.** D. Minn. LR 12.1(c)(2).

10.    Any Notice of Intent to Call Witnesses[2] must be filed by **August 28, 2026**. D. Minn. LR 12.1(c)(3)(A).

11.    Any Responsive Notice of Intent to Call Witnesses[3] must be filed by **September 2, 2026**. D. Minn. LR 12.1(c)(3)(B).

12.    A motions hearing will be held pursuant to Fed. R. Crim. P. 12(c) where:

a.    The Government makes timely disclosures and defendant(s) identifies in the motions particularized matters for which an evidentiary hearing Is necessary; or

b.    Oral argument is requested by either party in its motion, objection, or responsive pleadings.

13.    If required, the motions hearing will be heard before Magistrate Judge David T. Schultz on **September 4, 2026** at **1:00 p.m.** in **Courtroom 12W**, 300 South Fourth Street, Minneapolis, MN. D. Minn. LR 12.1(d).

---

[2] "When a party intends to call witnesses at a hearing on a motion under Fed. R. Crim. P. 12(b), the party must file a notice within 35 days after the arraignment. The notice must identify the number of witnesses whom the party intends to call, the motion or motions that each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 12.1(c)(3)(A).

[3] "If after reviewing a notice under LR 12(c)(3), a party intends to call witnesses at the same hearing, that party must file a responsive notice within 38 days after the arraignment. The responsive party must identify the number of witnesses whom the party intends to call, the motion or motions each witness will be addressing, and the estimated duration of each witness's testimony." D. Minn. LR 2.1(c)(3)(B).

## TRIAL

a.   **If no pretrial motions are filed by defendants**, the following trial and trial-related dates are:

The parties will receive the remaining dates related to trial by separate Order.

b.   **If pretrial motions are filed**, the trial date, and other related dates will be rescheduled following the ruling on pretrial motions. Counsel must contact the Courtroom Deputy for District Judge Katherine M. Menendez to confirm the new trial date.

Dated: July 2, 2026                                  s/ David T. Schultz_____
                                                     DAVID T. SCHULTZ
                                                     United States Magistrate Judge