UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-115 (14) (KMM/DTS)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MOTION TO MODIFY CONDITIONS |
| | ) | OF RELEASE |
| WILLIAM MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant William Morgan moves, pursuant to 18 U.S.C. § 3145(a)(2), to modify her conditions of release to permit her to communicate with her codefendants in order to receive the emotional support on which her mental health depends.  In support of this motion, Ms. Morgan[1] states as follows:

1.     On June 16, 2026, Ms. Morgan appeared before the Honorable John F. Docherty for her initial appearance on the indictment in this matter. At the time, undersigned counsel had not yet been appointed by the Court. Ms. Morgan was represented by the Federal Defender's Office on a temporary basis.

2.     At the hearing, the court ordered Ms. Morgan released on conditions, including the condition that she "avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Codefendants listed in the Indictment." Doc. No. 72 ¶ 7(g).

3.     As Magistrate Judge Docherty correctly found, Ms. Morgan does not pose a risk of flight or a risk of obstructing justice or intimidating any witness. Tr.

---

1 Ms. Morgan uses female pronouns.

of Initial App. at 17. She does not pose a danger to the community.

4.      As described in the Bond Report, Ms. Morgan is a lifelong resident of Minnesota. She grew up in Farmington, where she graduated from high school. She has completed two years of college courses at the University of Wisconsin at Milwaukee and at the University of Minnesota. Her parents and siblings live in Minnesota. Ms. Morgan is employed as a childcare assistant with the Minneapolis Kids program through the Minneapolis Public Schools. She has no criminal record.

5.      The Bail Reform Act requires the Court to release the defendant on "the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(B).

6.      Although a release condition prohibiting contact between defendants has become a somewhat routine condition in this district, it is hard to explain how it relates to the purposes of the Bail Reform Act in the circumstances of this case. At the initial appearance, the government made no effort to explain the reason for this condition. Similarly, when imposing the condition, the Court did not explain why it was necessary to reasonably assure Ms. Morgan's appearance as required or the safety of the community. Does the government suggest that if Ms. Morgan has contact with her codefendants, they will plot their escape? Plan to commit a future crime? If so, there is absolutely no basis in the record to suggest such an implausible scenario. Ms. Morgan is neither a risk of flight nor a danger to the community, and

that is true regardless of whether she has contact with her codefendants or not.

7.    The record demonstrates that the no-contact condition is not necessary to satisfy the concerns of the Bail Reform Act. Although the court adopted this condition for all the defendants, when informed that two of the defendants were roommates, the court removed the condition as to them. *See* Tr. of Initial App. of Isaac Sant, et al. at 45-46. Had that condition actually been a necessary prerequisite to reasonably assure that a defendant pose neither a risk of flight nor a danger to the community, the court would not have removed it.

8.    The no-contact condition poses a serious detriment to Ms. Morgan. Some of the codefendants are among Ms. Morgan's closest friends and confidants. They are her comrades. Ms. Morgan is charged with four federal felonies. This is a stressful event in her life, and it is understandable that she would want to reach out for support to her most trusted contacts, people who can understand and empathize with her predicament because they are going through it as well.

9.    Ms. Morgan has a history of mental illness. She has been diagnosed with post-traumatic stress disorder and major depressive disorder. A year ago, she was hospitalized for several days for her mental health struggles. To now cut her off from her support network when she needs it the most is both cruel and unnecessary.

10.    Ms. Morgan has complied with all of her conditions of release. She appeared in court for her arraignment and status conference as required. This Court should now remove the condition that she have no contact with her

3

codefendants.

11. Undersigned counsel has met and conferred with the government on this motion. In a telephone call on July 7, 2026, the government, per SAUSA Sommer Honeycutt, indicated that it opposed the motion and plans to file a consolidated objection.

Dated: July 7, 2026

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142
Law Offices of Robert D. Richman, LLC
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987