**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

UNITED STATES OF AMERICA,                    Court File No. 26-cr-115(11)(KMM/DTS)

        Plaintiff,

v.                                                                          **MOTION TO MODIFY THE**
                                                                            **CONDITIONS OF RELEASE**
ALEC STEWART,

        Defendant.

_____

The Defendant, Alec Stewart, by and through his attorney, respectfully moves to modify the conditions of release pursuant to 18 U.S.C. §3145 (a)(2). Stewart seeks to delete the requirement in paragraph 7 (g) of the order setting conditions of release (DOC # 61) precluding him from having contact with co-defendants listed in the Indictment. In support of his motion, Stewart states as follows:

1.     Stewart appeared for his initial appearance before the Hon. John F. Docherty on June 16, 2026. He was represented by attorneys with the Federal Defender's Office based on typical local practice for initial appearances.

2.     The Government moved for detention in the hearing. The pretrial services report recommended release with conditions, not including supervision. The Court ordered Stewart released on conditions with a personal recognizance bond. The release conditions included avoiding "all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: Codefendants listed in the Indictment." _See_ Doc # 61, ¶ 7(g).

3.      Stewart was found not to be a flight risk or a danger to the community.

4.      Stewart is a long time resident of Minnesota with significant ties to the community. He is a college graduate and employed full time. He has no prior criminal convictions on his record. Stewart is not a flight risk and poses not threat to the community.

5.      The co-defendants in the instant case constitute a close friend group, and provide strong emotional support for one another. The impact of Operation Metro Surge on the people of Minnesota and the difficulty of defending a federal indictment are significant stressors in the lives of the defendants in this case.

6.      Stewart argues the restriction on contact between the defendants in the instant case is not reasonably related to the goals of the Bail Reform Act and is not necessary.

7.      A judicial officer considering release or detention has four options to choose from in 18 U.S.C. §3142 (a): release on personal recognizance or unsecured appearance bond, release subject to conditions, temporary detention to permit revocation of conditional release or exclusion, or pretrial detention. The Court has discretion to implement appropriate conditions of release in the least restrictive manner possible. 18 U.S.C. §3142 (c)(1)(B) ("***subject to the least restrictive further condition***, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which ***may*** include the condition that the person—"). The conditions

imposed by the Court are unconstitutionally excessive if they impose restraints more than necessary to prevent risk of flight or address danger to the community.

8.      The Court may order an accused person to "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. §3142 (c)(1)(B)(v). This subsection has somehow expanded to routinely include co-defendants within an indictment, without a sufficient showing by the Government as to how this restriction is necessary.

9.      In *United States v. Hobbs*, the district court amended conditions of release to allow married co-defendants to reside and communicate with each other. *Hobbs*, 845 F.3d 365, 368 (8th Cir. 2016). The *Hobbs* case involved post-sentencing supervised release and specifically reviewed marriage as a factor in determining appropriate conditions. The decision has application here: "[the 8th Circuit] is particularly reluctant to uphold sweeping restrictions on important constitutional rights." *Hobbs*, at 368; *citing United States v. Crume*, 422 F.3d 728, 733 (8th Cir. 2005).

10.     The important constitutional rights at issue in the instant case are found in the First Amendment to the Constitution. Stewart argues his right to free speech, right to peaceably assemble, and the right of expressive association are unlawfully restrained by the no contact condition. Stewart seeks to remain engaged in lawful and constitutionally protected political opposition to unprecedented government abuses inflicted on its own people, including associating with friends who happen to be charged in the same indictment. A blanket restriction on social affiliation or friend groups is not the least

restrictive condition the Court could impose. Stewart request there be no restriction on association.

11.     Several co-defendants already filed similar motions to modify the conditions of release. Stewart joins these existing arguments to modify or amend the conditions of release. *See* DOC #s 150, 152, 160, 171, and 172. An order granting any of these motions would effectively act as a modification for each defendant. Counsel is not aware of any opposition to this change by any of the persons charged in the instant case.

12.     Counsel met and conferred with Assistant U.S. Attorney Sommer Honeycutt regarding this motion. The Government objects to the modification and intends to file an opposition.

Law Office of Robert A. Lengeling, PLLC

Date:    July 8, 2026            By     *s/ Robert A. Lengeling*
                                                MN ID#304165
                                                310 Fourth Ave S, Suite 1050
                                                Minneapolis, Minnesota 55415
                                                (612) 963-1555 / (612) 333-8003 fax
                                                robert@lengelinglaw.com
                                                ATTORNEY FOR DEFENDANT