UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-115 (14) (KMM/DTS)

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )    APPEAL OF ORDER DENYING
    v.                       )    IN PART MOTION TO
                             )    MODIFY CONDITIONS
                             )    OF RELEASE
WILLIAM MORGAN,              )
                             )
        Defendant.           )

Pursuant to 18 U.S.C. § 3145(a)(2) and (c), defendant William Morgan

appeals to the district court the Order of Magistrate Judge Schultz, denying in part

Ms. Morgan's[1] motion to amend the conditions of release. Ms. Morgan seeks to

modify her conditions of release to permit her to communicate with her

codefendants in order to receive the emotional support on which her mental health

depends.  In support of this motion, Ms. Morgan states as follows:

1.      On June 16, 2026, Ms. Morgan appeared before the Honorable John F.

Docherty for her initial appearance on the indictment in this matter. At the time,

undersigned counsel had not yet been appointed by the Court. Ms. Morgan was

represented by the Federal Defender's Office on a temporary basis.

2.      At the hearing, the court ordered Ms. Morgan released on conditions,

including the condition that she "avoid all contact, directly or indirectly, with any

person who is or may be a victim or witness in the investigation or prosecution,

_____

1 Ms. Morgan uses female pronouns.

including: Codefendants listed in the Indictment." Doc. No. 72 ¶ 7(g).

3. As Magistrate Judge Docherty correctly found, Ms. Morgan does not pose a risk of flight or a risk of obstructing justice or intimidating any witness. Tr. of Initial App. at 17. She does not pose a danger to the community.

4. Following her release, on July 7, 2026, Ms. Morgan moved to modify her conditions of release to remove the release condition quoted above. Doc. No. 172. The government opposed the motion without citing any reason that a prohibition on communication between Ms. Morgan and her friends among the co-defendants is necessary to ensure the purposes of the Bail Reform Act. Doc. No. 176.

5. By Order dated July 14, 2026, Magistrate Judge Schultz granted Ms. Morgan's motion in part and denied it in part. Specifically, the Magistrate Judge permitted communication between defendants, but only in the presence of counsel. Doc. No. 182 at 2. Like the government, the Magistrate Judge offered no explanation for why that condition was necessary.

6. As described in the Bond Report, Ms. Morgan is a lifelong resident of Minnesota. She grew up in Farmington, where she graduated from high school. She has completed two years of college courses at the University of Wisconsin at Milwaukee and at the University of Minnesota. Her parents and siblings live in Minnesota. Ms. Morgan is employed as a childcare assistant with the Minneapolis Kids program through the Minneapolis Public Schools. She has no criminal record.

7. The Bail Reform Act requires the Court to release the defendant on "the least restrictive further condition, or combination of conditions, that such

judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(B).

8. Although a release condition prohibiting contact between defendants has become a somewhat routine condition in this district, it is hard to explain how it relates to the purposes of the Bail Reform Act in the circumstances of this case. At the initial appearance, the government made no effort to explain the reason for this condition. Similarly, in its opposition to modification, it simply noted that "No contact orders are a typical condition of release and are typical of cases where there are many co-defendants in the indictment." The government offered no justification for the need for the condition with respect to Ms. Morgan specifically. The fact that a particular condition is "typical" does not mean it is necessary in this case.

9. Similarly, when imposing the condition, Magistrate Judge Docherty did not explain why it was necessary to reasonably assure Ms. Morgan's appearance as required or the safety of the community. Does the government suggest that if Ms. Morgan has contact with her codefendants, they will plot their escape? Plan to commit a future crime? If so, there is absolutely no basis in the record to suggest such an implausible scenario. Ms. Morgan is neither a risk of flight nor a danger to the community, and that is true regardless of whether she has contact with her codefendants or not.

10. The record demonstrates that the no-contact condition is not necessary

to satisfy the concerns of the Bail Reform Act. Although Magistrate Judge Docherty adopted this condition for all the defendants, when informed that two of the defendants were roommates, the court removed the condition as to them. *See* Tr. of Initial App. of Isaac Sant, et al. at 45-46. Had that condition actually been a necessary prerequisite to reasonably assure that a defendant pose neither a risk of flight nor a danger to the community, the court would not have removed it.

11. Ms. Morgan appreciates that Magistrate Judge Schultz permitted contact between co-defendants in the presence of counsel, again he did not explain why that requirement was necessary to reasonably ensure that Ms. Morgan is neither a risk of flight nor danger to the community. And, while that modification will help in preparing a joint defense, it fails to address Ms. Morgan's need for the social support of her friends.

12. Indeed, the no-contact condition poses a serious detriment to Ms. Morgan. Some of the codefendants are among Ms. Morgan's closest friends and confidants. They are her comrades. Ms. Morgan is charged with four federal felonies. This is a stressful event in her life, and it is understandable that she would want to reach out for support to her most trusted contacts, people who can understand and empathize with her predicament because they are going through it as well.

13. Ms. Morgan has a history of mental illness. She has been diagnosed with post-traumatic stress disorder and major depressive disorder. A year ago, she was hospitalized for several days for her mental health struggles. To now cut her off

from her support network when she needs it the most is both cruel and unnecessary.

14.     Ms. Morgan has complied with all of her conditions of release. She appeared in court for her arraignment and status conference as required. This Court should now remove the condition that she have no contact with her codefendants.

Dated: July 28, 2026

Respectfully submitted,

*s/ Robert D. Richman*
ROBERT D. RICHMAN
Attorney ID No. 226142
Law Offices of Robert D. Richman, LLC
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987