UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Isaac Sant,<br><br>Defendant. | Court File No. 26-cr-115 (KMM/DTS)<br><br>**DECLARATION OF JEAN LUBKE** |

I, Jean Lubke, state as follows:

1. I served as President of University Baptist Church in Minneapolis, Minnesota, during the fiscal year of July 1, 2025, through June 30, 2026.

2. University Baptist Church is a member of the Alliance of Baptists national organization and the American Baptist Churches USA.

3. On February 13, 2026, the Alliance of Baptists, the American Baptist Churches USA (ABC-USA), and a number of other religious organizations, obtained a preliminary injunction in the District of Massachusetts enjoining the Department of Homeland security from, among other things, "tak[ing] immigration enforcement action" in any Alliance of Baptist churches and any ABC-USA churches, including University Baptist Church. The order issuing the preliminary injunction defines "immigration enforcement action" as "any action by Defendants that is planned, conducted, undertaken, or executed, in whole or in part, to enforce the immigration laws of the United States, including any arrest, seizure, search, interrogation, questioning, interview, or

investigation." Preliminary Injunction Order, Doc. 75*, New England Synod v. Department of Homeland Security*, Case No. 4:25-cv-40102-FDS (D. Mass., filed February 13, 2026).

4. A true and correct copy of the court's order granting preliminary injunction is attached as Exhibit A to this Declaration.

5. Pursuant to the court's preliminary injunction order, on February 27, 2026, plaintiffs in that case provided DHS a list of "protected areas" in and around all the churches covered by the preliminary injunction. University Baptist Church was included on that list of "protected areas." *See* Notice, Doc. 78-1 at 160, *New England Synod, et al. v. DHS, et al.*, Case No. 25-cv-40102 (D. Mass., filed February 27, 2026).

6. Also pursuant to this court order, on March 11, 2026, University Baptist prominently posted signs at all main exterior entrances to the Church stating: "These Premises are a Protected Area Pursuant to Federal Court Order in New England Synod v. Department of Homeland Security, Case No. 4:25-cv-40102-FDS."

7. A true and correct copy of this signage is attached as Exhibit B to this Declaration.

8. Exhibit 19 to Defendant Isaac Sant's Motion for Discovery in this case describes an undercover HSI agent conducting enforcement activities in University Baptist Church on May 28, 2026. The signage attached as Exhibit B was posted and easily visible at all main entrances to the Church on that date.

9. In addition, in January, University Baptist created a lawn sign and placed it prominently by the main sidewalk to the front of the church (See Exhibit C).

**I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct.**

Dated: 8/14/2026

Jean E. Lubke, Ph.D.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**NEW ENGLAND SYNOD, EVANGELICAL LUTHERAN CHURCH IN AMERICA, et al.,**

**Plaintiffs,**

**v.**

**DEPARTMENT OF HOMELAND SECURITY, et al.,**

**Defendants.**

**Civil Action No. 25-40102-FDS**

**PRELIMINARY INJUNCTION**

After a hearing, after consideration of the pleadings and record evidence, and for the reasons set forth in the accompanying Memorandum and Order, pursuant to Fed. R. Civ. P. 65, **Defendants**, as defined in Paragraph 1(b) of this order, are preliminarily ENJOINED, pending trial on the merits of this action, as follows:

**Definitions**

1. As used in this Preliminary Injunction, the following terms shall have the following meanings:

a. The term **"Plaintiffs"** shall mean

(1) New England Synod;

(2) Greater Milwaukee Synod;

(3) Southwest California Synod;

(4) Southwest Texas Synod;

(5) Sierra Pacific Synod;

**EXHIBIT A**

(6) American Baptist Churches USA;

(7) Alliance of Baptists;

(8) Metropolitan Community Churches; and

(9) all of their member churches, congregations, and meetings.

b. The term "**Defendants**" shall mean any or all of the following:

(1) the United States Department of Homeland Security ("DHS");

(2) Kristi Noem, in her official capacity as Secretary of Homeland Security;

(3) United States Immigration and Customs Enforcement ("ICE");

(4) United States Customs and Border Protection ("CBP");

(5) all officers, agents, employees, and appointees of DHS, ICE, and CBP; and

(6) all other persons who are in active concert and participation with them.

c. The term **"Place of Worship"** shall mean any church, building, premises, or other physical facility, whether permanent or temporary, that is regularly used by **Plaintiffs** to conduct religious services; provided, however, that **Plaintiffs** have identified such a **Place of Worship** in accordance with paragraph 7 of this Preliminary Injunction.

d. The term **"Adjacent Protected Facility"** shall mean any building, premises, or other physical facility attached to or adjacent to a **Place of Worship** that is used by **Plaintiffs** to conduct activities, such as religious education and religious ministry, that are central to their religious mission; provided, however, that **Plaintiffs** have identified such an **Adjacent Protected Facility** in accordance with paragraph 7 of this Preliminary Injunction.

e. The term **"Adjacent Protected Area"** shall mean any parking lot, walkway, lawn, garden, playground, cemetery, or other property adjacent to a **Place of Worship** that is

owned, rented, leased, occupied, or operated by the **Place of Worship**; provided, however, that **Plaintiffs** have identified such an **Adjacent Protected Area** in accordance with paragraph 8 of this Preliminary Injunction.

f. The term **"Protected Area"** shall mean, collectively, **Places of Worship, Adjacent Protected Facilities**, and **Adjacent Protected Areas**.

g. The term **"In a Protected Area"** shall mean within

(1) any interior spaces of any **Protected Area**; and

(2) any other spaces within the physical boundaries of any **Protected Area**.

h. The term **"Near a Protected Area"** shall mean any location within 100 feet of any doorway, gate, or other clearly demarcated entrance to any **Protected Area**.

i. The term **"Immigration Enforcement Action"** shall mean any action by **Defendants** that is planned, conducted, undertaken, or executed, in whole or in part, to enforce the immigration laws of the United States, including any arrest, seizure, search, interrogation, questioning, interview, or investigation.

j. The term **"Exigent Circumstances"** shall mean an immediate threat to human life or safety. For purposes of this Preliminary Injunction, the presence of one or more individuals who have entered or remained in the United States without authorization, without more, shall not constitute **Exigent Circumstances**.

k. The term **"Prior Approval"** shall mean approval by a supervisory law enforcement official at ICE or CBP headquarters in Washington, D.C. For purposes of this Preliminary Injunction, **Prior Approval** of an **Immigration Enforcement Action** shall only be given on an individualized basis, after consideration of the relevant facts and circumstances, and only after consideration of ways to minimize the possibility that the **Immigration Enforcement**

**Action** will prevent, restrain, or discourage individuals from accessing the relevant **Place of Worship**.

*l.* The term **"2025 Policy"** shall mean the policies and procedures set forth in

(1) the Memorandum dated January 20, 2025 from the Acting Secretary of Homeland Security entitled "Enforcement Actions in or Near Protected Areas"; and

(2) the Memorandum dated January 31, 2025 from the Acting Director of ICE entitled "Common Sense Enforcement Actions in or Near Protected Areas."

**<u>Injunction</u>**

2. Absent **Exigent Circumstances**, **Defendants** shall not take **Immigration Enforcement Action In a Protected Area**.

3. Absent either **Exigent Circumstances** or **Prior Approval**, **Defendants** shall not take **Immigration Enforcement Action Near a Protected Area**.

4. Absent **Exigent Circumstances**, **Defendants** shall not knowingly set up a checkpoint, roadblock, or other barrier in order to question, interrogate, or otherwise direct or undertake **Immigration Enforcement Action** against individuals who are on their way to or from a **Protected Area**.

5. To the extent that the **2025 Policy** is inconsistent with any of the provisions of this Preliminary Injunction, this Preliminary Injunction shall control.

6. This Preliminary Injunction shall not enjoin or restrict **Defendants** from conducting arrests or searches when authorized by an administrative or judicial warrant.

**Notice of Specific Locations**

7. No later than 14 days after the date on which this Preliminary Injunction is entered, **Plaintiffs** shall provide to **Defendants** in writing, and shall file on the docket, one or more lists consisting of:

a. the names and addresses of all **Places of Worship**; and

b. the names and addresses of all **Adjacent Protected Facilities**.

8. No later than 21 days after the date on which this Preliminary Injunction is entered, **Plaintiffs** shall provide to **Defendants** in writing, and shall file on the docket, one or more documents containing a description of all **Adjacent Protected Areas**. Such descriptions shall be sufficient to provide a reasonable person notice of the identity and boundaries of such areas without making use of, or needing to refer to, any other document or source. Any such description should not rely on technical language, such as a surveyor's description, but should be understandable to a reasonable person seeking to identify such areas on site at the relevant location. Any such description may include maps, photographs, or other visual aids.

9. **Defendants** may move to strike any such list or description, or to seek modification or clarification, at any time. Any **Plaintiff** may remove any **Protected Area** from the list at any time by notifying **Defendants** and filing a notice of removal on the docket. A **Plaintiff** may add a **Protected Area**, or modify a description, only by agreement of the parties or leave of Court.

**Requirement of Bond; Effective Date**

10. Pursuant to Federal Rule of Civil Procedure 65(c), **Plaintiffs** shall post with this Court a bond of $100 within seven days.

11. The Preliminary Injunction shall take effect upon (1) the posting of the bond and (2) (as to any specific **Protected Area**) the transmission to **Defendants** of the information required by Paragraphs 7 and 8 as to that **Protected Area**.

**<u>Sanctions for Violation</u>**

12. Violations of this Preliminary Injunction may subject **Defendants** and all other persons bound by this Order to sanctions and penalties, including contempt of court.

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Boston, Massachusetts
February 13, 2026
2:30 p.m.


**EXHIBIT A**

# NOTICE

These Premises
are a Protected Area
Pursuant to Federal Court Order
in New England Synod v.
Department of Homeland Security,
Case No. 4:25-cv-40102-FDS

Alliance of Baptists


FEDERAL AGENTS NOT PERMITTED ON PREMISES
Federal Agents (ICE, DEA, ATF, CBP, or any other agent or agency) may not enter*, park, or stage on this property. No Trespassing. Violators will be towed.
*Entry requires a valid warrant authorizing access to this property by name and address, identifying the person or items sought, signed by a judge within the past 10 days

EXHIBIT C