UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No: 26-CR-115 (KMM/DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON KENNEDY (3)<br>ERICK DAVIS (5)<br>BRIAN APLAND (6)<br>TREASURE CAY THORESON (9)<br>NATHAN "NAT" JUHNO KIM (10)<br>DOUGLAS MISTEREK (12)<br>DUSTIN SCOTT BEISELL (13)<br>WILLIAM "BETH" MORGAN (14)<br>NATASHA RAKOTZ (15),<br><br>Defendants. | **DEFENDANTS' JOINT REPLY TO GOVERNMENT'S CONSOLIDATED RESPONSE TO DEFENSE'S MOTION TO MODIFY CONDITIONS OF RELEASE** |

Defendants, by their respective counsel, state as follows for Defendants' Joint Reply to Government's Consolidated Response to Defense's Motion to Modify Conditions Condition of Release:

ARGUMENT

The Government's Consolidated Response to Defense's Motion to Modify Conditions of Release (ECF# 208) frames the issue before the Court as whether a no-contact order between Defendants "imping[es] on the Constitutional rights of the Defendants?" while failing to address whether a restriction on Defendants' contact with each other outside the presence of counsel is a condition of release authorized under the Bail Reform Act, 18 USC §3142, as the "least restrictive"

condition necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community." Much of the Government's purported authority has such incomplete citations that it is impossible for undersigned counsel to review and respond to it.[1] When the Government does cite authority which undersigned counsel was able to review, much of it does not support the Government's position that vague and generalized concerns about "collusion" support imposition of a ban on contact between co-defendants in virtually all multi-defendant cases.

The Government spends substantial time discussing a "no contact" order issued in *United States v. Armstrong*, 26-CR-25 (LMP/DLM) (District of Minnesota)(1/22/26), ECF#12, as a condition of release. The Government's argument is misleading in that it wrongly implies that the Court in *Armstrong* prohibited contact between co-defendants as part of the "no contact" order included as a condition of release. In fact, such a condition of release was deliberately crossed out by the Magistrate Judge and the "no contact" order was limited to "any person who is or may be a victim or witness." (See, Exhibit 1, attached). *Armstrong* is a case filed in this District involving 38 co-defendants whom the Government alleges engaged in a "clandestine operation" to enter a place of religious worship "in an undercover capacity" to engage "in acts of

---

[1] See, Government's Consolidated Response, p.15, citing to *See United States v. Brown et al*, 23-cr-160 (in particular in *United States v. Washington*, 7(g), Doc. No. 546, ordering no contact with codefendants). *See also United States v. Williams*, *et al*, 26-cr-56 (in particular in *United States v. Brown*, 7(g), Doc. No. 120).

oppression, intimidation, threats, interference and physical obstruction." *Id.,* ECF# 144, Superseding Indictment. Despite alleging that the defendants in *Armstrong* engaged in "clandestine" and "undercover" behavior, the Government did not seek – and the Court did not order – no contact between the 38 co-defendants. As such, the Court's actions in *Armstrong* do not support imposition of a condition of release in the instant matter to prohibit all contact between co-defendants.

The Government's remaining cited authority is similarly inapposite. For instance, in *United States v. Lillemoe,*[2] 2015 U.S. Dist. LEXIS 68846 (D. Conn, 5/28/2015), the court granted a motion to amend conditions of release to remove a prohibition on contact outside the presence of counsel between co-defendants in a financial fraud conspiracy. In doing so, the court rejected the government's contention that such a condition was necessary to "preserve the integrity of the trial process by helping prevent defendants from collaborating on their stories." *Id.* at 4. The court noted that nothing in 18 USC §3142(c)(1)(B)(v) speaks of "prohibiting contact with co-defendants."[3] In its analysis, the court noted:

> To restrict the defendants' rights to associate with each other, and to prepare their defense as they see fit, there must be a powerful countervailing concern for the safety of the community. There must also be a showing that these particular defendants are likely to engage in conduct that would endanger the community, should the condition be lifted. The fear that criminal defendants generally, or

[2] Cited by the Government as *United States v. Lillemore*, 2015 WL 9694385 (D. Conn. 2015).

[3] The Court noted the Government's argument that a co-defendant "could eventually become a witness" but recognized the "meaningful difference between third party witnesses and defendant witnesses in this context." *Id*. at 7.

> even fraud defendants in particular, might end up "shading, spinning, or dissembling the truth" if given the opportunity…. is not enough. The determination must be made on an individualized basis.
>
> *Id. at 5.*

The Court in *Lillemoe* also rejected the argument that such a no-contact condition could merely be considered a "standard condition" of pre-trial release:

> The Court cannot assume that a certain restriction is necessary in all cases of a certain type; rather, the Court must consider "particularized evidence" and make an "individualized determination" of the need for the restriction. United States v. Arzberger, 592 F. Supp. 2d 590, 601, 602 (S.D.N.Y. 2008). And the mere worry that an indicted person may commit a crime, such as obstruction of justice or evidence tampering, is not sufficient to justify every restraint on that person because "[c]rime prevention is a quintessential general law enforcement purpose and therefore is the exact opposite of a special need." United States v. Scott, 450 F.3d 863, 870 (9th Cir. 2006) (alteration added).
>
> *Id.* at 8.

There is no evidence in the instant case that any Defendant has engaged in witness intimidation or attempts to "collude testimony" since their arrest. The Government's Consolidated Response restates at length the factual allegations in the Indictment with respect to each Defendant who is appealing their conditions of release. In so doing, the Government does not allege --- much less establish – that any defendant engaged in joint activity after March 23, 2026, until the date of their initial appearances on June 16, 2016, which was unlawful and involved any behavior other than engaging in political speech and the observation and documentation of public law enforcement activity. The Government does not allege – much less establish – that any Defendant, at any time, engaged in any

joint activity to threaten potential witnesses or obstruct justice. Mere participation in Signal chat groups along with thousands of other Minnesotans, and attempts to keep those communications confidential in the face of widespread threats of repression by high-ranking government officials, does not establish a substantial "particularized" basis to find that any individual defendant will threaten or intimidate witnesses or otherwise "collude" to manufacture false testimony.

The Government's citation of *United States v. Paquin*, 676 F. Supp. 3d 970 (D. N.M. 2021) is similarly helpful to the defense position. *Paquin* involved the validity of a pretrial no-contact order issued in conjunction with an order of detention. In discussing the court's "inherent authority" to order such a condition, since no-contact provisions are only authorized by statute as a condition of release, the court applied the following standards: (1) whether the restrained communications pose a clear and present danger or a serious and imminent threat to [the subject of the non-contact order] or the administration of justice in general; and, (2) whether the order is narrowly drawn such that no reasonable alternatives with a lesser impact on First Amendment rights are available. *Id.* at 977 (*citing Wheeler v. United States*, 640 F.2d 1116, 1124 (9th Cir. 1981)). Rejecting the government's argument that the nature of the offense charged supported such a condition, the court found that this test was not met when there was no evidence the defendant had sought to influence a witness' testimony and there was a lack of evidence that allowing contact would pose a clear and present danger to the subject of the no-contact provision or to the administration of justice. Similarly, in

the instant case the government has not presented any evidence that any Defendant poses a clear and present danger or imminent threat to any person or to the administration of justice.

*Paquin* is also instructive in that it recognized that a no-contact order imposes a "great burden" on a defendant's First Amendment rights. *Id*. The First Amendment concerns are heightened in the instant case where the government has brought charges against the Defendants in response to their political organizing opposing widespread abuses by federal law enforcement and the repression of such political activity. The Government is now seeking to further interfere with Defendants' First Amendment rights by preventing them from communicating with each other. Many of the Defendants' original underlying motions provided extensive citations to other cases in this district and the public record detailing the government's widespread violations of people's rights during "Operation Metro Surge" and the use of the court system by the Department of Justice to retaliate against people opposing the government's abuses. Since the filing of the motions to amend release conditions, Defendants have had an opportunity to review discovery in the instant case which contains substantial and disturbing evidence that the government has engaged in political retaliation and the violation of First Amendment rights in the course of its investigation leading to the charges in this case. *See,* Defendant's Motion for Discovery under Rule 16 and *Brady/Giglio*, and attached Exhibits. ECF# 212, et. al. Under all of these circumstances, the

imposition of a condition of release that interferes with Defendants' free speech and association is particularly concerning.

CONCLUSION

The Government has made no showing that permitting these defendants to communicate outside the presence of counsel "will endanger the safety of any other person or the community." 18 U.S.C. § 3142(c)(1). The Court must impose the least restrictive set of conditions necessary to reasonably assure the safety of the community. The Court should find that the condition barring defendants from communicating outside the presence of counsel is not necessary to reasonably assure the safety of the community, on the record as it now stands, and grant the Defendants' Motion to Modify Conditions of Release.

Date: August 17, 2026

s/Bruce D. Nestor
Bruce D. Nestor, 0318024 – MN
DE LEÓN & NESTOR, LLC
3547 Cedar Avenue South
Minneapolis, MN 55407
(612) 659-9019
(612) 436-3664 – Facsimile
nestor@denestlaw.com

**ATTORNEY FOR TREASURE THORESON (9)**

/s/ Jill A. Brisbois
Jill A. Brisbois
Attorney No. 345477
150 South 5th Street, Suite 1850
Minneapolis, MN 55402
Phone: (651) 209-7797
jill@thejabfirm.com

**ATTORNEY FOR CAMERON KENNEDY (3)**

LAW OFFICE OF JORDAN S. KUSHNER
s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota 55415
(612) 288-0545
jskushner@gmail.com

**ATTORNEY FOR ERICK DAVIS (5)**

KELLEY, WOLTER & SCOTT, P.A.
s/ Brett D. Kelley
Brett D. Kelley (#397526)
11100 Wayzata Boulevard, Suite 510
Minnetonka, MN 55369
Telephone: (612) 371-9090
bkelley@kelleywolter.com

**ATTORNEY FOR BRIAN APLAND (6)**

DORSEY & WHITNEY LLP
s/ Surya Saxena
Surya Saxena, Reg. No. 0339465
Michael Rowe Reg. No. 0392598
Ian Blodger Reg. No. 0398254
50 South Sixth Street
Suite 1500
Minneapolis, MN 55402
612-340-2600

**ATTORNEYS FOR DEFENDANT KIM (10)**

ARNESON LAW OFFICE, LLC
s/Wyatt Arneson
Wyatt Arneson #0392071
400 South 4th Street, Suite 1025
Minneapolis, MN 55415
(612) 746-1188

**ATTORNEY FOR DOUGLAS MISTEREK (12)**

JOHNSON & GREENBERG, PLLP
s/Lee R. Johnson
Lee R. Johnson #189935
5775 Wayzata Boulevard, Suite 700
St. Louis Park, MN 55416
(952) 545-1621

**ATTORNEY FOR DUSTIN BEISELL (13)**

s/ Robert D. Richman
ROBERT D. RICHMAN
Attorney ID No. 226142
LAW OFFICES OF
ROBERT D. RICHMAN, LLC
P.O. Box 16643
St. Louis Park, MN 55416
(651) 278-4987

**ATTORNEY FOR WILLIAM MORGAN (14)**

/s/ Kira A. Kelley
Kira A. Kelley, Esq. MN: 402932
CLIMATE DEFENSE PROJECT
P.O. Box 7040
Minneapolis, MN 55407
kira@climatedefenseproject.org
(802) 683-4086

**ATTORNEY FOR NATASHA RAKOTZ (15)**