UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>KYLE WAGNER (7),<br><br>Defendant. | ) | Criminal No. 26-115(7) (KMM/DTS)<br><br>**MOTION TO REOPEN DETENTION HEARING** |

Kyle Wagner, by and through his attorney, moves this Court to reopen his detention hearing based on a change of circumstances pursuant to 18 U.S.C. § 3142(f). Mr. Wagner requests that, after a hearing on this matter, the Court grant him pretrial release on conditions.

On July 21, 2026, Mr. Wagner made his Initial Appearance in the instant case after being writted in from the Eastern District of Michigan, where related charges are pending. ECF 187. Viewing the detention issue as moot because Mr. Wagner was already detained on the Michigan matter, the government minimally addressed relevant detention factors, but requested detention nonetheless.

Undersigned counsel confirmed to the Court that Mr. Wagner was indeed detained pursuant to his Michigan case. Counsel explained that while Mr. Wagner had been released by the assigned Michigan District Court Judge, the government received a stay of that release Order from the Sixth Circuit. Counsel advised that a Final Order from the Sixth Circuit related to detention would issue, and if appropriate, Mr. Wagner would seek to reopen the detention hearing in this matter.

Because detention was moot and Mr. Wagner waived the issue of detention (he reserved it for a future proceeding), the Court granted the government's motion for detention. ECF 194. Importantly, the Court's Order did not indicate it had found that no condition or combination of conditions would reasonably assure the safety of the community and the defendant's continued appearance at future court proceedings. ECF 194. In the absence of such a finding by the Court, continued detention is neither necessary nor appropriate and a hearing is needed to determine whether there are conditions available that reasonably assure the safety of the community and Mr. Wagner's future appearance in court. The Detention Order supports such a conclusion, as the Court Ordered that "Mr. Wagner has reserved his right to a detention hearing to be heard at a later date." *Id.*

The Bail Reform Act provides that a detention "hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. §3142(f).

Since Mr. Wagner was detained on July 21, 2026, the Sixth Circuit did issue their Final Order, wherein they Ordered Mr. Wagner detained. Based on the legal principles applied, and the facts used in support of their decision, Mr. Wagner's Michigan counsel is filing a petition for certiorari, seeking review of the decision by the United States Supreme Court. Mr. Wagner seeks release in the instant case, so that the motion before the Supreme Court is not rendered moot due to his Minnesota detention.

It goes without saying that discovery had not yet been provided to Mr. Wagner at the time of the Initial Appearance. Discovery is necessary to give an accurate presentation of the evidence to the Court. Without it, Mr. Wagner could not refute claims (however minimal) made by the government about the purported seriousness of the offense, Mr. Wagner's role, and the need for detention. Discovery has since been provided to Mr. Wagner. Because seriousness of the offense and the weight of the evidence are factors to be considered at a detention hearing, information to refute those claims is material. The ability of the parties to present accurate evidence to the Court bears on whether the Court will find that there are appropriate conditions of release that can be fashioned.

Lastly, Mr. Wagner is not yet at, but will soon be approaching a fully served sentence. Since the Initial Appearance, the timeline in which this case will proceed to trial has drastically changed. For instance, in the interim, this case has been designated complex. Discovery issues have been raised that require a Court's ruling and potentially significant, additional disclosures. The change in the timeline in which Mr. Wagner will be brought to trial could not have been known at the time of the Initial Appearance. The amount of time spent in custody (where it approaches a fully served sentence) certainly bears on whether there are conditions that will reasonably assure Mr. Wagner's reappearance at future court dates.

Mr. Wagner has not yet had a detention hearing in this case. When the opportunity arose, the issue was moot, but it no longer is. The burden of persuasion to detain remains on the government. They must "show[] by clear and convincing evidence that no release condition or set of conditions will *reasonably assure* the safety of the community and by a preponderance of the evidence that no condition or set of conditions under" the Bail Reform

Act "will *reasonably assure*" Mr. Wagner's appearance. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (emphasis in original). The government has not met their burden in this case. In fact, without any presentation to the Court at the Initial Appearance, they never did meet their burden. Mr. Wagner should be granted a detention hearing in this District. He has met the standard for reopening his detention hearing.

It is worth noting that, after a two-day detention hearing, the assigned Michigan District Court Judge found that appropriate release conditions could be fashioned for Mr. Wagner. Indeed, she refused to grant the government's motion for a stay of her Release Order. Mr. Wagner was then released on conditions, traveled back to Minnesota, and remained out of custody for approximately one week. When the Sixth Circuit granted the government's motion to stay, Mr. Wagner returned to Michigan and voluntarily surrendered in order to be in compliance with the Appellate Court's Order. This shows that Mr. Wagner will comply with court orders and supports a conclusion that he would turn himself in to serve a sentence, if necessary.

If released, Mr. Wagner would have the support of family and friends. He would have a stable residence and would be able to follow the conditions of his release. He would also be able to address his case—which was designated complex and therefore will have longer timelines—without the pressure of being incarcerated or the fear of overserving a sentence.

Because there are materially changed circumstances relating to the conditions of his pretrial release, Mr. Wagner requests that the Court schedule a hearing to consider release conditions and that the Court grant him pretrial release on conditions after that hearing.

Dated: September 18, 2026

Respectfully Submitted

*s/ Lisa M. Lopez*
Lisa M. Lopez
Attorney ID No. 395791
Attorney for Mr. Wagner
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415